UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN MARIE KELLEY,

    Petitioner,

v.                                    Case No.:  2:22-cv-767-SPC-KCD

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## OPINION AND ORDER

    Before the Court is Petitioner Susan Marie Kelley's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Respondent argues the Petition is untimely, and the Court agrees.

    28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, sets a one-year period of limitation on the filing of a habeas petition by a person in state custody. This limitation period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Kelley does not assert, nor does it appear from the pleadings or the record, that the statutory triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Kelley's conviction became final. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

The State of Florida charged Kelley with six criminal counts relating to her participation in a drug trafficking conspiracy. (Doc. 16-2 at 28-41). On August 19, 2013, Kelley entered a negotiated plea, agreeing to plead guilty as charged on all counts and to testify against her co-defendants. (*Id.* at 44-54). In exchange, the State agreed to recommend a sentence of three years of imprisonment followed by seven years of probation if Kelley fulfilled her obligations. (*Id.*). The court accepted the plea and—at the State's request—sealed the plea form until sentencing. (*Id.* at 69-70).

The court held a sentencing hearing on November 9, 2015. Before the hearing, Kelley signed another plea form, which again reflected the State's promise to recommend three years of imprisonment followed by seven years of

2

probation. (*Id.* at 75-79).  The court conducted a second plea colloquy with Kelley—it was conducted by a different judge who was apparently unaware of the first plea hearing.  Kelley again admitted guilt, and the court accepted her plea.  On November 30, 2015, the court entered judgment and sentenced Kelley to three years of imprisonment (with credit for 965 days' time served) followed by seven years of probation.  (*Id.* at 112-18).  Because Kelley did not appeal, the judgment became final 30 days later, when the time to file a notice of appeal expired.  The AEDPA statute of limitations commenced the next day— December 31, 2015.  *See* Fla. R. App. P. 9.140(b)(3).  The limitations period ran untolled until it expired on December 31, 2016.

Kelley began serving probation on March 1, 2016, following her release from prison.  On May 30, 2017, Kelley was arrested for shoplifting.  A probation officer charged Kelley with violating her probation a few days later.  (Doc. 16-2 at 127).  Kelley admitted guilt, (*id.* at 129-32), and the court imposed a 25-year prison sentence, the minimum sentence for Count 1 (*id.* at 200).  Kelley appealed the sentence and sought postconviction relief.  While the state postconviction court corrected certain provisions of the sentence, the 25-year prison term survived state collateral review.

The revocation of Kelley's probation did not reopen the AEDPA limitation period on her 2015 conviction, so Grounds 1 and 3 of her federal habeas petition—which challenge the 2015 conviction on double-jeopardy and

3

ineffective-assistance grounds—are untimely. See Wright v. Florida, No. 8:06-CV-1704-T-27EAJ, 2008 WL 1986184, at *3 (M.D. Fla. May 6, 2008). Ground 2 asserts the state court denied her postconviction motion without following the proper procedures. This Court already dismissed Count 2 because challenges to a state collateral proceeding are not cognizable in federal habeas corpus actions. (Doc. 9).

Accordingly, it is now

**ORDERED:**

Petitioner Susan Marie Kelley's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DISMISSED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 12, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record